**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Anthony Brooks,<br><br>　　　Plaintiff<br><br>v.<br><br>Davis, et al.,<br><br>　　　Defendants | Case No.: 3:20-cv-00150-JAD-CLB<br><br>**Three Strikes Order<br>Denying IFP Applications<br>and Directing Plaintiff to Pay the Full<br>Filing Fee by March 5, 2021**<br><br>[ECF Nos. 6, 7] |

**Discussion**

Plaintiff Anthony Brooks is a prisoner proceeding *pro se*. On March 6, 2020, Brooks initiated this case by submitting a notice of complaint. ECF No. 1-1. Brooks later submitted two complaints and an application to proceed *in forma pauperis*. ECF Nos. 4, 5, 6. Brooks also filed a motion to respond to his *in forma pauperis* application. ECF No. 7.

The statute that authorizes this court to grant pauper status, 28 U.S.C. § 1915(g), precludes the court from allowing a plaintiff to proceed *in forma pauperis* if that plaintiff has accumulated three strikes: "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Brooks has three strikes under the statute because the court has dismissed for failure to state a claim upon which relief may be granted at least three civil actions commenced by

Brooks during his detention.[1] Although these dismissals do not use the term dismissed for failure to state a claim, the court looks to the substance—over the form—of the dismissals to determine whether Brooks's prior actions "rang the PLRA bells of . . . failure to state a claim." *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (holding that "when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"). I find that these four cases were in substance dismissed for failure to state a claim, giving Brooks at least three strikes under the PLRA.

Having sustained at least three strikes, Brooks cannot be granted *in forma pauperis* status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This action does not reflect that Brooks satisfies this requirement. In his amended complaint, Brooks alleges that he was unable to take a shower for four days in August 2019. *See generally* ECF No. 5. I find that these allegations fail to plausibly allege that Brooks was in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). Brooks thus must pre-pay the $400.00 filing fee in full if he wants to maintain this lawsuit.

---

[1] *See Brooks v. Washoe County Public Defender*, 3:19-cv-00504-MMD-WGC (dismissed on January 27, 2020, for failure to state a claim); *Brooks v. Valentine*, 3:19-cv-00696-MMD-WGC (dismissed on January 27, 2020, for failure to state a claim); *Brooks v. Bryant*, 3:19-cv-00457-APG-CLB (dismissed on February 24, 2020, for failure to state a claim); and *Brooks v. Nevada Department of Corrections*, 3:19-cv-00623-MMD-WGC (dismissed on May 29, 2020, for failure to state a claim). I take judicial notice of the prior records in these matters.

## Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* **[ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that the motion to respond to the *in forma pauperis* application **[ECF No. 7] is DENIED** as moot.

IT IS FURTHER ORDERED that **this action will be dismissed without prejudice unless Brooks pays the $400.00 filing fee in full by March 5, 2021**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send Brooks two copies of this order.  Brooks must make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to retain the amended complaint (ECF No. 5) but not file it at this time.

Dated: February 3, 2021

_____
U.S. District Judge