UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Anthony Brooks, | Case No.: 3:20-cv-00150-JAD-CLB |
|---|---|
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| Davis, et al., | |
| Defendants | |

Plaintiff Anthony Brooks brings this civil-rights action for events he alleges occurred during his incarceration with the Nevada Department of Corrections.[1] On February 3, 2021, I denied his application to proceed *in forma pauperis* because he has "three strikes" under 28 U.S.C. § 1915(g) and failed to demonstrate that he was under imminent danger of serious physical injury.[2] I gave him until March 5, 2021, to pay the $400 filing fee in full.[3] I expressly warned him that his failure to pay the filing fee in full by that deadline would result in the dismissal of this case.[4] That deadline has passed, and Brooks has not paid the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] ECF No. 5 (amended complaint).
[2] ECF No. 9 (order).
[3] *Id*.
[4] *Id*.
[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[9] Brooks was warned that his case would be dismissed if he did not pay the $400 filing fee in full by March 5, 2021.[10] So, Brooks had adequate warning that his failure to pay the fee would result in this case's dismissal.

---

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF No. 9 (order).

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: March 10, 2021

_____
U.S. District Judge